UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CHRISTOPHER JONES, | Civil No.   09cv1896-JM (POR) |
|---|---|
| Petitioner, | **ORDER DENYING WITHOUT PREFIX PETITIONER'S MOTION TO APPOINT COUNSEL** |
| v. | |
| DOMINGO URIBE, JR., *Warden*, | **(Doc. No. 3.)** |
| Respondent. | |

On August 28, 2009, Petitioner filed a petition for writ of habeas corpus ("Petition"). (Doc. No. 1.) In his Petition, Petitioner challenges his July 24, 1995 conviction by asserting the following four claims: (1) ineffective assistance of counsel; (2) instructional error; (3) prosecutorial misconduct; and (4) errors in evidentiary rulings.

Also on August 28, 2009, Petitioner filed a motion to appoint counsel. (Doc. No. 3.) Petitioner claims he is nearly illiterate and suffers from mental and physical disabilities, and is currently on prescribed psychotropic medication due to his medical issues. (Id.) In support of his motion, Petitioner attaches medical records from February 28, 1995; April 25, 2006; and April 2007 noting that he suffers from delusions and paranoia. (Id. Ex. A-B.) Petitioner asserts he is a participant in the California Department of Corrections Mental Health Services Delivery System. (Id. at 3.) Petitioner also attaches a list of his prescription medications from February 7, 2009 to August 6, 2009. (Id. Ex. C.)

Generally, "there is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal

1  courts do not have the authority "to make coercive appointments of counsel." <u>Mallard v. United</u>
2  <u>States District Court</u>, 490 U.S. 296, 310 (1989); see also <u>United States v. $292,888.04 in U.S.</u>
3  <u>Currency</u>, 54 F.3d 564, 569 (9th Cir. 1995).

4  Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request"
5  that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.  <u>See</u>
6  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Burns v. County of King</u>, 883 F.2d 819, 823
7  (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both the
8  'likelihood of success on the merits and the ability of the plaintiff to articulate his claims <u>pro se</u> in
9  light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both
10  must be viewed together before reaching a decision.'" <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d
11  1328, 1331 (9th Cir. 1986)).

12  Here, Petitioner claims that he was assisted with his motion and Petition by another prisoner;
13  that the legal complexity of the issues in the Petition are beyond Petitioner's comprehension; that
14  Petitioner cannot adequately respond to any contention that Respondent may make of a legal nature;
15  and that he is unsure as to what medical records are needed and/or relevant for his action.

16  Upon review, the Court finds Petitioner has failed to meet the showing necessary for an
17  appointment of counsel at this time.  The Petition presents four claims that the Court does not deem
18  to be complex and that can be analyzed utilizing the state record.  Further, the Court notes that the
19  Petition is well-written with supporting facts and references to the state record.

20  Accordingly, the Court hereby DENIES without prejudice Petitioner's motion to appoint
21  counsel.

22  **IT IS SO ORDERED.**

23  DATED: September 29, 2009

24
25  LOUISA S PORTER
    United States Magistrate Judge
26
27  cc     The Honorable Jeffrey T. Miller
        All parties
28