# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JONES,<br><br>　　　　　　　　　Petitioner,<br>　vs.<br><br>MATTHEW CATE, Warden,<br><br>　　　　　　　　　Respondent. | CASE NO. 09cv1896 JM(DHB)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, AS MODIFIED; DENYING OBJECTIONS; ISSUING CERTIFICATE OF APPEALABILITY |

　　　Petitioner Christopher Jones objects to the Report and Recommendation granting Respondent's motion to dismiss as time-barred the Petition for Writ of Habeas Corpus brought pursuant to 289 U.S.C. §2254 ("R & R"). Respondent opposes the Objections. For the reasons set forth below, the court denies the Objections, adopts, as modified, the R & R in its entirety, and issues Petitioner a Certificate of Appealability.

## DISCUSSION[1]

　　　At issue is whether Petitioner's severe mental impairments warrant the equitable tolling of the applicable statute of limitations for approximately 11 years.[2] See 28 U.S.C. §2244(d)(1). The parties agree that Petitioner suffers from both mental illness and cognitive impairments. By any objective measure, Petitioner suffers severe mental

---

　　[1] As amended, the court adopts the R & R of Magistrate Judge David H. Bartick as if fully set forth herein.

　　[2] The court notes that statutory tolling is not available under 28 U.S.C. ¶2244(d)(1). (R & R p.5:5).

impairments. The court notes that the issue raised by Petitioner is a particularly difficult one because there is no clear nuanced graduated scale to readily distinguish between severe mental impairments and higher degrees of severe mental impairment that warrant equitable tolling of the one year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §2244, ("AEDPA").

Petitioner objects to the applicable legal standard set forth in the R & R, as well as to several factual findings set forth in the R & R. Each is discussed in turn.[3]

**Review of the R & R, Extraordinary Circumstances**

Petitioner contends that the R & R misapplied the first prong of the mental impairment test identified in Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010). A petitioner's mental impairments may serve as the basis to equitably toll the one year statute of limitations of AEDPA. Based upon its analysis of Supreme Court authority, the Ninth Circuit concluded that

> equitable tolling is permissible when a petitioner can show a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence.

Id. at 1093. To assist courts in making this determination, the Ninth Circuit then formulated a two-part test:

> First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, see Holland, 130 S.Ct. at 2562, by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

---

[3] The court reviews de novo those portions of the proposed findings of fact to which an objection has been made. 28 U.S.C. §636(b)(1). This court may accept, reject, or modify, in whole or part, the magistrate judge's finding or recommendation. Id.

|   |   |
|---|---|
| 1 | > To reiterate: the "extraordinary circumstance" of mental impairment can cause an untimely habeas petition at different stages in the process of filing by preventing petitioner from understanding the need to file, effectuating a filing on his own, or finding and utilizing assistance to file. The "totality of the circumstances" inquiry in the second prong considers whether the petitioner's impairment was a but-for cause of any delay. Thus, a petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure. The petitioner therefore always remains accountable for diligence in pursuing his or her rights. |

Id. at 1099-1100.

Petitioner correctly argues that the evidentiary record establishes that prong 1(b) of Bills is satisfied because Petitioner's "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." (R & R pp. 6:22-9:28; Objections pp. 6:14-9:11). The R & R did not directly address this prong of Bills but, rather, focused on prong 1(a) of the test.

The R & R then discussed Petitioner's mental impairment with respect to his ability to obtain assistance to file claims and grievances. The R & R discussed the evidentiary record supporting Petitioner's ability to seek, find, or utilize assistance with his filings. Id. at 1100. While Petitioner is not capable of personally preparing a habeas petition, the R & R found, based largely upon the evidentiary record that Petitioner was capable, with assistance, to file and prosecute various state habeas petitions and prison grievances, to successfully hold prison jobs, and to participate in prison programs to receive certificates of completion for such courses as anger management and alternatives to violence. (R & R at pp.10:13-11:10). The court adopts these findings. Before turning to the second diligence prong of Bills, the court briefly addresses Petitioner's objections to a statement in the R & R noting that Petitioner's mental impairments were distinguishable from those where the petitioner was "almost totally incapacitated." (R & R at p. 116-7). Petitioner argues that this "standard is utterly without support in the law. The law is the two-prong standard set forth in Bills v. Clark." (Objections at p.14:4-5). The court notes that the superlative "almost totally incapacitated" is comparable to the superlative "severe mental

impairment." Both superlatives seek to convey qualitatively the degree of incapacity or mental impairment. Both superlatives seek to identify a point on the legal continuum where equitable tolling will excuse untimely filing based upon a petitioner's mental impairments. As noted in <u>Bills</u>, the severe mental impairment must be so severe that it makes timely filing impossible. 628 F.3d at 1099. Here, Petitioner's participation in inmate work programs; prosecution, with assistance, of state habeas proceedings and prison grievances; and the successful completion of several classes weigh against finding extraordinary circumstances to equitably toll the statute of limitations on the narrow issue of whether Petitioner possessed sufficient wherewithal to seek assistance to file habeas petitions.

In sum, the court declines to adopt that portion of the R & R concluding that Petitioner failed to satisfy prong 1(b) of <u>Bills</u>. However, the court does adopt the factual findings insofar as they are relevant to Petitioner's ability to seek, find, or utilize assistance to file documents.

**Review of the R & R, Diligence**

The second inquiry, the "totality of the circumstances" inquiry, requires Petitioner to show that he acted diligently in pursuing his claim and that the impairment was the "but-for" cause of the delay. <u>See</u> <u>Bills</u>, 628 F.3d at 1100. The requisite degree of diligence requires that one "must diligently seek assistance and exploit whatever assistance is reasonably necessary." <u>Id.</u> at 1101. The court views the diligence required by Petitioner in light of his severe mental impairments.

The court notes that over 18 years have passed since Petitioner's conviction for second degree murder (almost 16 years since the conviction became final). In light of the potential staleness of the evidentiary record attributable to the passage of time, Petitioner has the burden to show that he acted diligently throughout the entire period of time. While the record demonstrates that Petitioner suffers severe mental impairments, the record also demonstrates that Petitioner prosecuted, with assistance, state habeas proceedings, completed prison grievance procedures, worked at prison

jobs, and completed several prison classes. (R & R 10:13-11:10). While Petitioner's mental impairments presented challenges to the timely prosecution of the instant petition for habeas corpus, the court cannot conclude that "petitioner's condition made it impossible to comply with the filing deadline." Bills, 628 F.3d at 1099; Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005) ("Under long-established principles, petitioner's lack of diligence precludes equity's operation." ).

The court adopts the findings set forth in the R & R that Petitioner did not act diligently in pursuing available remedies. (R & R at p.11:15-12:21). Where possible, diligence requires Petitioner to "seek assistance and exploit whatever assistance is reasonably available." Id at 1101. Petitioner argues, among other things, that his low IQ rendered him incapable "to grasp the concept of a deadline or the difference between state and federal court." (Oppo. at p.21:3-4). The difficulty with Petitioner's argument is that it fails to address an evidentiary record that demonstrates, despite Petitioner's severe mental impairments, his ability to hold prison jobs, attend classes, and (with assistance) prosecute state habeas petitions and prison grievance forms.

A "diligence" analysis for the factual backdrop of this case reveals three distinct periods during which Petitioner (1) took no action in timely securing state habeas relief for six years (November 1997 to November 2003); (2) engaged in futile efforts to obtain state habeas relief (November 2003 to May 2009); and (3) pursued the present effort to secure federal habeas relief (March 2009 to the present).

The evidentiary record discloses that during each of these distinct periods Petitioner had the ability to seek and utilize available assistance as more specifically found in the R & R.  In light of the many years of tolling required for the instant petition to be deemed timely filed, see 28 U.S.C. §2241(d)(1), this court would have to conclude Petitioner's degree of mental impairment prevented him from diligently pursuing federal relief during periods where Petitioner clearly had reasonable access to, and the inclination to utilize, the type of assistance contemplated in the second prong of the Bills test.  To the contrary, the court finds Petitioner has not met the

second prong of the <u>Bills</u> test for equitable tolling.

In sum, the court denies the Objections and adopts the R & R in its entirety, as modified herein.

**Certificate of Appealability**

Upon review of the record, the court <u>sua sponte</u> issues a certificate of appealability. <u>See</u> 28 U.S.C. §2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484–85 (2000). The Court concludes that jurists of reason could find it debatable whether Petitioner's sever mental impairments reach the severity required to equitably toll AEDPA's statute of limitations.

In sum, the court dismisses the petition for habeas corpus as time-barred and issues a Certificate of Appealability to Petitioner.

**IT IS SO ORDERED.**

DATED: September 25, 2013

Hon. Jeffrey T. Miller
United States District Judge

cc:       All parties