# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JONES,<br><br>                       Petitioner,<br><br>v.<br><br><br>MATTHEW CATE, Secretary,<br><br>                       Respondent. | Case No.: 09-cv-01896-JM (RNB)<br><br>**ORDER SETTING STATUS CONFERENCE** |

Based on its initial review and consideration of petitioner's two ineffective assistance of trial counsel claims in his First Amended Petition ("FAP"),[1] the Court has concluded that the procedural default defense raised by respondent is not an obstacle to the Court's consideration of those claims on the merits.

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing

---

[1] Petitioner has conceded that *Middleton v. McNeil*, 541 U.S. 433 (2004) is dispositive of his third ground for relief. (*See* ECF No. 141 ("FAP") at 47-48.)

1

a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*. at 17. To establish "cause" to overcome procedural default under *Martinez*, a petitioner must show: (1) the underlying ineffective assistance of trial counsel claim is "substantial"; (2) the petitioner was not represented or had ineffective counsel during the initial state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding with respect to the ineffective assistance of trial counsel claim; and (4) state law required (or forced as a practical matter) the petitioner to bring the claim in the initial state collateral review proceeding. *See Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014) (citing *Trevino v. Thaler*, 569 U.S. 413, 423, 429 (2013)); *see also Martinez*, 566 U.S. at 13-14, 17-18.

Here, respondent has conceded that petitioner has demonstrated prongs two through four and need only establish that his ineffective assistance of trial counsel claims are substantial in order to overcome the procedural default defense. *See* ECF No. 152-1 at 11 (conceding that Petitioner falls within the *Martinez* exception if his ineffective assistance of trial counsel claims "can be deemed substantial"); *see also Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013) ("There is no need to show 'prejudice' resulting from the failure of the pro se prisoner during the state [post-conviction relief] proceeding to raise a claim of trial-counsel [ineffective assistance of counsel], over and above the need to satisfy the first *Martinez* requirement that the underlying trial-court [ineffective assistance of counsel] claim be 'substantial'."); *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), overruled on other grounds by *McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015).

A substantial claim is one that "has some merit." *Martinez*, 566 U.S. at 14. The standard for determining whether a claim is substantial is comparable to the standard for issuing certificates of appealability, *see id.*, whereby "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

2

09-cv-01896-JM (RNB)

proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and alteration omitted). *See also Detrich*, 740 F.3d at 1245.

Petitioner contends that this Court already has determined that his ineffective assistance of trial counsel claims have some merit, referring to the Court's prior orders. (*See* ECF No. 154 at 6-7.) Petitioner is correct. In its Report and Recommendation on respondent's Motion to Dismiss the FAP, this Court determined that "based on a preliminary review of the ineffective assistance of counsel claims, combined with the evidence submitted along with the [FAP], . . . [petitioner's ineffective assistance of counsel] claims are colorable and 'potentially meritorious.'" (*See* ECF No. 147 at 14-15.) In making this determination, the Court relied on petitioner's specific factual allegations in the FAP, and the evidence submitted to support his claim that he suffered from a mental or cognitive impairment both at the time of the crime and the time of trial, including declarations from family members and acquaintances, and reports from psychologists who evaluated petitioner and records related to his medical history. (*See id.* at 14.) The Honorable Jeffrey T. Miller adopted the Report and Recommendation in its entirety. (*See* ECF No. 148.) As this Court previously determined that petitioner's ineffective assistance of trial counsel claims in the FAP are colorable and potentially meritorious, the Court finds that petitioner has demonstrated that his claims have some merit. *See Earp v. Ornoski*, 431 F.3d 1158, 1167 n.4 (9th Cir. 2005) ("In showing a colorable claim, a petitioner is 'required to allege specific facts which, if true, would entitle him to relief.'") (citing *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998)); *Gonzalez v. Wong*, 667 F.3d 965, 972 (9th Cir. 2011) (a claim is "potentially meritorious" where "a reasonable state court might be persuaded to grant relief on that claim").

The Court further has concluded that, in order to decide petitioner's ineffective assistance of trial counsel claims on the merits,[2] it is going to be necessary to conduct an

---

[2] Respondent has conceded that, because there was no state court adjudication on the merits of petitioner's two ineffective assistance of trial counsel claims, those claims are not

3

evidentiary hearing. An evidentiary hearing is appropriate (1) if the merits of a factual matter were not resolved in a state hearing, *Townsend v. Sain*, 372 U.S. 293, 313 (1999), and (2) the petitioner's allegations, if proved, would entitle him to relief. *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005); *see also Detrich*, 740 F.3d at 1247 ("[W]ith respect to the underlying trial-counsel [ineffective assistance of counsel] 'claim,' given that the reason for the hearing is the alleged ineffectiveness of both trial and [post-conviction relief] counsel, it makes little sense to apply § 2254(e)(2).").

Here, the Court notes that the merits of petitioner's claims were not resolved in a state hearing. Nor does the primary factual basis for petitioner's claims already exist in the record. The factual basis consists primarily of the declaration of a medical expert that was not presented at trial. (*See* ECF No. 152-1 at 27.) In addition, as noted above, this Court has already determined that petitioner has colorable ineffective assistance of trial counsel claims, which, if proved, would entitle him to relief. Accordingly, an evidentiary hearing is appropriate here.

In his FAP, petitioner requests an evidentiary hearing, claiming that he can support his allegations on his ineffective assistance of trial counsel claims with evidence at an evidentiary hearing. (FAP at 9, 52.) Respondent does not dispute that the Court should conduct an evidentiary hearing on petitioner's ineffective assistance of trial counsel claims, if it determines that petitioner has stated a prima facie claim for relief (which the Court has). (*See* ECF No. 152-1 at 12, 27-28.) Therefore, in light of the foregoing, the Court hereby ORDERS as follows:

---

governed by the AEDPA standard of review. (*See* ECF No. 152 at 2; ECF No. 152-1 at 11, 27.) Rather, the governing standard of review for those claims is *de novo*. *See Nulph v. Cook*, 333 F.3d 1052, 1056-57 (9th Cir. 2003) (holding that "AEDPA's deferential standard" does not apply "[b]ecause the state court did not issue a decision on the merits"); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002) ("[W]hen it is clear that a state court has not reached the merits of a properly raised issue, we must review it de novo."), *cert. denied*, 539 U.S. 916 (2003).

4

1. A Status Conference shall be held on **June 12, 2018** at **2:00 p.m.** in the chambers of the Honorable Robert N. Block, United States Magistrate Judge, U.S. Courthouse, 333 West Broadway, Suite 1080, San Diego, California, 92101. **Counsel for both parties shall appear in person**.

2. At the Status Conference, counsel shall be prepared to discuss the following: (a) the parties' interest (if any) in exploring the possibility of reaching a stipulation disposition, considering the amount of custodial time petitioner already has served; and (b) if the matter cannot be resolved, the timing of the evidentiary hearing and related deadlines (e.g., for expert designations, exchange of expert reports, and expert and non-expert depositions; and the filing of witness lists, exhibit lists, and pre-hearing briefs).

Dated: May 31, 2018

_____
ROBERT N. BLOCK
United States Magistrate Judge