UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JONES,<br><br>                     Petitioner,<br><br>v.<br><br><br>MATTHEW CATE,<br><br>                     Respondent. | Case No.: 09-cv-01896-JM (RNB)<br><br>**ORDER RE: STATUS CONFERENCE** |

    The Court hereby advises counsel that they should be prepared to discuss at the upcoming October 16, 2018 Status Conference the form of habeas relief to which petitioner would be entitled if the Court were to conclude, after the evidentiary hearing, that petitioner was entitled to habeas relief with respect to Claim One of the First Amended Petition, but not entitled to habeas relief with respect to Claim Two.

    The Court notes in this regard that petitioner's contention with respect to Claim One is that trial counsel provided ineffective assistance by not investigating and presenting a mental health defense at trial; and, more specifically, that if trial counsel had presented the affirmative defense of imperfect self-defense at trial, petitioner would have been only found guilty of manslaughter, and not second degree murder. (*See* ECF No. 141 at 26-35.)

1

Habeas corpus is "at its core, an equitable remedy." *Gage v. Chappell*, 793 F.3d 1159, (9th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 319 (1995)).  Counsel should be prepared to discuss what remedy would be equitable should the Court conclude that habeas relief is warranted, but only with respect to Claim One.

IT IS SO ORDERED.

Dated: September 14, 2018

_____
ROBERT N. BLOCK
United States Magistrate Judge